1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MELVIN WHITE, | CV F   04 6645 AWI LJO P |
|      Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1.) |
| GOLDEN STATE EYE CENTER, et. al., | |
|      Defendants. | |
| _____/ | |

William Melvin White ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on December 3, 2004.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

1    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2    claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

4    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

5    support of the claim or claims that would entitle him to relief.  <u>See</u> <u>Hishon v. King & Spalding</u>,

6    467 U.S. 69, 73 (1984), *citing* <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see</u> <u>also</u> <u>Palmer v.</u>

7    <u>Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

8    complaint under this standard, the court must accept as true the allegations of the complaint in

9    question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the

10    pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

11    <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

12    **B. SUMMARY OF COMPLAINT**

13        The Complaint alleges that on December 4, 2002, Plaintiff was transported from

14    Corcoran State Prison, California Substance Abuse Facility to Golden State Eye Center to have a

15    cataract removed from his eye.  The following day, he returned to the Eye Center for a check up

16    and to remove pressure on the eye caused from the surgery the preceding day.  At this time, a

17    needle was inserted into Plantiff's eye.  Plaintiff states that as a result of this procedure, he

18    suffered unbelievable pain and that the pain continues.

19        Plaintiff states that on December 12, 2002, he went back to Golden State Eye Center for a

20    checkup and again, a needle was inserted.  At this time, Defendant Dr. Morton realized the

21    surgery had not gone well.  Plaintiff states this was because the anesthesiologist, Defendant John

22    Weiss, performed the surgery and was not qualified.  Plaintiff states he was used as a guinea pig

23    to teach Defendant Weiss how to conduct the surgery.  Defendant Morton then referred Plaintiff

24    to Limberg Eye Surgery where he was seen by a surgeon named Hill.  Defendant Hill stated that

25    he had fixed Dr. Morton's mistake and that the damage caused was due to the needle used.

26    Plaintiff was also informed that the lens was hanging from the eye and a lot of cataract remained

27    because of the "shoddy work" done by Defendant Weiss.  Defendant hill said he would replace

28    the lens if allowed by the prison and when the eye got better.

Plaintiff was then transferred from Corcoran II to Corcoran I prison.  On May 23, 2003, he visited the prison Ophthalmologist, Defendant Afinowicz, who informed Plaintiff that he was blind in his right eye and that he could do nothing for Plaintiff.   Plaintiff next states he was mistreated by prison officers and that two transportation officers conspired with Dr. Morton to try to convince Plaintiff that Dr. Morton performed the surgery.

Plaintiff states that the pain medication prescribed by Dr. Morton was replaced by prison medical staff with a weaker medication that did not relief his pain and caused vomiting.  Plaintiff also states that Officer Roberts refused to allow Plaintiff to return to his cell for his diabetes medication and he was without the medication for the duration of the trip.  Plaintiff names the Golden State Eye Center, Dr. Ronald Morton, John Weiss, Limberg Eye Surgery, Limberg Dr. Hill or Hall, California Department of Corrections, Chief Medical Officers of Corcoran I and II, Dr. Afinowicz, Prison Transport Officer Roberts, Warden Scriber, and John Does 1 through 6. Plantiff is seeking monetary damages.

## C.  CLAIMS FOR RELIEF

### 1.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named

1  defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

2  federal rights.

3        In this case, Plaintiff does not link Defendants Chief Medical Officers of Corcoran I and

4  II, Transportation Officer Roberts, Doe I (Transportation Sergeant), Doe V (Prison Counselor),

5  or Doe VI (Warden of Corcoran II) to any act or omission giving rise to a constitutional

6  violation.

7        ### *2. California Department of Corrections*

8        Plaintiff names the California Department of Corrections as a Defendant.  However,

9  Plaintiff may not sustain an action against a state prison.  The Eleventh Amendment prohibits

10 federal courts from hearing suits brought against an unconsenting state.  Brooks v. Sulphur

11 Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (*citation omitted*); see also

12 Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer

13 Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939

14 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits against state agencies as well

15 as those where the state itself is named as a defendant.  See Natural Resources Defense Council

16 v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053;

17 Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of

18 Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles

19 Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).  Because the California

20 Department of Corrections is a state agency, it is entitled to Eleventh Amendment immunity from

21 suit.

22        ### *4. State Action*

23        Plaintiff also names the Golden State Eye Center, the Limberg Eye Surgery Clinic and the

24 individuals who provided services at these facilities as Defendants.

25        By definition, a § 1983 claim requires that the defendant be "acting under color of state

26 law."  "Action taken by a private individual may be 'under color of state law' where there is

27 'significant' state involvement in the action." Howerton v. Gabica, 708 F.2d 380, 382 (9th

28 Cir.1983).  The extent of state involvement in the action is a question of fact. Id. at 383.

4

1   The deprivation must be caused by the exercise of some right or privilege created by the State or

2   by a person for whom the state is responsible and who may fairly be said to be a state actor.

3   West v. Atkins, 487 U.S. 42, 49 (1988) (*quoting* Lugar v. Edmondson Oil Co., 457 U.S. 922, 937

4   (1982).  The plaintiff bears the burden of showing that a private person is a state actor for the

5   purposes of § 1983.  See Richard v. McKnight, 521 U.S. 399, 117 S.Ct. 2100 (1997) (declining to

6   resolve the issue of whether an employee of a private corporation operating a prison under a state

7   contract was a state actor for purposes of § 1983).

8       Plaintiff does not allege sufficient facts in his Complaint to find the surgery facilities and

9   their employees liable as state actors.  Even assuming Plaintiff alleged sufficient facts, as noted

10  below, Plaintiff does not allege sufficient facts to state a cognizable Eighth Amendment claim for

11  relief under Section 1983.

12      *3. Eighth Amendment Medical Claim*

13      A prisoner's claim of inadequate medical care does not constitute cruel and unusual

14  punishment unless the mistreatment rises to the level of "deliberate indifference to serious

15  medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference"

16  standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in

17  objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (*citing*

18  Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a

19  "sufficiently culpable state of mind," which entails more than mere negligence, but less than

20  conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.

21  A prison official does not act in a deliberately indifferent manner unless the official "knows of

22  and disregards an excessive risk to inmate health or safety."  Id.

23      In applying this standard, the Ninth Circuit has held that before it can be said that a

24  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

25  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

26  cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing*

27  Estelle, 429 U.S. at 105-06.

28      In this case, Plaintiff's allegations against Defendants Morton, Weiss, Hill, are

5

1    insufficient to state a cognizable claim under the Eighth Amendment.  Plaintiff states that these

2    Defendants conducted a faulty cataract removal procedure on him causing blindness in his right

3    eye.  These allegations, however, are not sufficient to give rise to an Eighth Amendment claim.

4    At best, Plaintiff's allegation states a claim for medical malpractice or negligence.  However, as

5    noted above, "a complaint that a physician has been negligent in diagnosing or treating a medical

6    condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

7    Medical malpractice does not become a constitutional violation merely because the victim is a

8    prisoner."  Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d

9    1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled*

10   *on other grounds,* WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*).

11   Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.

12   See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  Accordingly, Plaintiff's

13   allegations with respect to these Defendants must be dismissed.[1]

14        Similarly, Plaintiff fails to allege sufficient facts against Defendant Dr. Afinowicz or Doe

15   I (the transportation Sergeant) that give rise to a Constitutional violation under the Eighth

16   Amendment.  Plaintiff may be able to amend his complaint to cure the deficiency with respect to

17   these individuals.

18        Plaintiff's allegation against Defendant Doe II, the individual who changed Plaintiff's

19   medication, also does not state a cognizable Eighth Amendment claim.  Plaintiff's belief that he

20   should have been given the medication the prior Dr. prescribed is a disagreement with the

21   diagnosis or treatment.  "A difference of opinion between a prisoner-patient and prison medical

22   authorities regarding treatment does not give rise to a s 1983 claim."  Franklin v. Oregon, 662

23   F.2d 1337, 1344 (9th Cir. 1981) (*internal citation omitted*).  To prevail, plaintiff "must show that

24   the course of treatment the doctors chose was medically unacceptable under the circumstances . .

25   . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's

26   health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (*internal citations omitted.*)

27   _____

28        [1]Plaintiff is informed that violation of state law, such as negligence and medical malpractice, can be
     litigated in state court but are not sufficient to state a claim for relief under § 1983.

### 4. Conspiracy

In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy.  Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

Here, Plaintiff makes a general claim that two transportation officers conspired with Defendant Morton to convince Plaintiff that it was Dr. Morton who performed the surgery does not state a cognizable claim for relief.  However, the allegations set forth in the Complaint are insufficient to state a cognizable claim for relief for conspiracy.

### 5. Supervisory Liability

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory Defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that Defendants Warden Scribner and Doe VI (warden of Corcoran II)  personally participated in the alleged deprivation of constitutional

1    rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented

2    a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the

3    moving force of the constitutional violation.'" <u>Hansen v. Black</u> at 646.  Accordingly, the claims

4    against Defendants Warden Scribner and Doe VI, Warden, must be dismissed.

5    **D.  CONCLUSION**

6            The Court finds that Plaintiff's complaint does not contain any claims upon which relief

7    can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with

8    time to file a first Amended Complaint curing the deficiencies identified above should he wish to

9    do so.

10           Plaintiff must demonstrate in the Amended Complaint how the conditions complained of

11   resulted in a deprivation of his constitutional rights.  <u>See</u>, <u>Ellis v.  Cassidy</u>, 625 F.2d 227 (9th Cir.

12   1980).  The Amended Complaint must specifically state how each Defendant is involved.

13   Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

14   connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v.  Goode</u>, 423,

15   U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.  1980); <u>Johnson v.  Duffy</u>, 588

16   F.2d 740, 743 (9th Cir.  1978).

17           Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

18   be complete in itself without reference to any prior pleading.  As a general rule, an Amended

19   Complaint supersedes the original complaint.  <u>See</u> <u>Loux v.  Rhay</u>, 375 F.2d 55, 57 (9th Cir.

20   1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any

21   function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

22   claim and the involvement of each defendant must be sufficiently alleged.  The Amended

23   Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

24   appropriate case number, and be an original signed under penalty of perjury.

25   **E.  ORDER**

26           The Court HEREBY ORDERS:

27           1.      The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

28                   complaint form;

2.      The Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days

from the date of service of this order, Plaintiff SHALL:

     a.      File an Amended Complaint curing the deficiencies identified by the Court

in this Order, or

     b.      Notify the Court in writing that he does not wish to file an Amended

Complaint and pursue the action but instead wishes to voluntary dismiss

the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a

Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   April 12, 2006**            _____/s/ Lawrence J. O'Neill_____
b9ed48                              UNITED STATES MAGISTRATE JUDGE