# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MELVIN WHITE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOLDEN STATE EYE CENTER,<br>et. al.,<br><br>　　　　Defendants.<br>_____/ | 1:04-CV-06645-AWI-NEW(DLB)-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THIS ACTION PROCEED WITH THE FIRST AMENDED COMPLAINT ON PLAINTIFF'S EIGHTH AMENDMENT CLAIMS AGAINST DEFENDANTS MORTON AND WEISS, AND ALL OTHER CLAIMS BE DISMISSED WITH PREJUDICE<br><br>OBJECTIONS DUE IN THIRTY DAYS |

**I.   Findings and Recommendations Following Screening of Plaintiff's First Amended Complaint**

　　**A.   Procedural History**

　　William Melvin White ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 3, 2004. On April 13, 2006, the court dismissed the complaint with leave to amend as plaintiff failed to state any claims upon which relief can be granted under § 1983 against any of the defendants. On May 10, 2006, plaintiff submitted a first amended complaint.

　　**B.   Screening Requirement**

　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001)). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### C. Summary of Plaintiff's Complaint

Plaintiff is currently incarcerated at Kern Valley State Prison in Delano, California. The events at issue in this action allegedly occurred while plaintiff was housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. The amended complaint alleges that on December 4, 2002, plaintiff was transported from CSATF to the Golden State Eye Center to have a cataract removed from his eye. The following day, plaintiff

returned to the Golden State Eye Center for a checkup, and a needle was inserted into his eye to relieve pressure from the eye caused by the surgery the preceding day. Plaintiff states that as a result of the surgery, and the procedure the following day, he suffered unbelievable pain which continues to occur. Plaintiff's claims arise from the care, or lack thereof, he was provided during cataract removal surgery and follow up care. Plaintiff is seeking money damages and injunctive relief based on alleged violations stemming from his medical care and general conditions of confinement. Plaintiff names the Golden State Eye Center and its employees Dr. Ronald Morton and Dr. John Weiss; the Limberg Surgery Center and its employee Dr. Hill; prison opthomologist Dr. Afinowicz; Transportation Officer Roberts; a California Department of Corrections ("CDC") Sergeant; John Doe I, a transportation sergeant; John Doe II, the Chief Medical Officer of Corcoran State Prison ("CSP"); John Does III and IV, transportation officers; John Doe V, a prison counselor; John Doe VI, Warden of CSP; A. K. Scribner, Warden of CSATF; the Chief Medical Officer of CSATF; a Doe transportation officer; unnamed prison officials; and the CDC as defendants.

### 1. **Plaintiff's Claims**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under § 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

3

federal rights.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

In addition, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

### a. Dr. Ronald Morton and Dr. John Weiss

Plaintiff alleges that Dr. Ronald Morton, plaintiff's eye surgeon at Golden State Eye Center, allowed his anesthesiologist Dr. John Weiss to perform plaintiff's eye surgery on December 4, 2002. Plaintiff alleges that Dr. Weiss was not a qualified or licensed opthomologist

4

or surgeon, and plaintiff was used as a guinea pig for Dr. Weiss to learn eye surgery.  Plaintiff alleges that Dr. Weiss knew or should have known he was not adequately trained and was likely to injure plaintiff.  Plaintiff alleges that Dr. Morton was not in the room for any part of the surgery, and that Dr. Morton and Dr. Weiss apparently felt plaintiff's life had no value because plaintiff is serving a life sentence.  Plaintiff alleges that two nurses told plaintiff on December 5, 2002, that Dr. Weiss, not Dr. Morton, performed the surgery.  Plaintiff alleges that on the day following the surgery, Dr. Morton realized the surgery had not gone well and had plaintiff transported to the Limberg Eye Surgery Center to cover up the fact that Morton's misconduct had caused plaintiff to lose sight in his eye.  Plaintiff alleges that Dr. Hill, surgeon at the Limberg Eye Surgery Center, told plaintiff that the damage to his eye was caused by Morton's use of the needle.  Dr. Hill stated that the lens was hanging from plaintiff's eye and a lot of cataract remained on the eye as a result of Dr. Weiss' "shoddy work."  (Compl. at 2B ¶1.)

Plaintiff alleges he suffered injuries as a result of the surgery – plaintiff is blind in his right eye; plaintiff sometimes has trouble seeing from his left eye; the light hurts plaintiff's eyes and he must wear dark glasses at all times; and he suffers from headaches.  Plaintiff also alleges that his safety was compromised as a result of the surgery, because now he is unable to see anyone approaching him on his right side in a dangerous prison environment where violence, including assaults, are common.  Plaintiff states that due to this safety concern, he now refrains from going out to the recreational yard.

Construing plaintiff's first amended complaint in the light most favorable to plaintiff, under notice pleading, plaintiff's allegations are sufficient to give rise to a claim for relief against defendants Morton and Weiss for violation of plaintiff's rights under the Eighth Amendment.

        **b.**     **Dr. Hill**

Plaintiff alleges that Dr. Hill performed eye surgery on plaintiff to correct errors made during his previous cataract surgery by Dr. Weiss.  Plaintiff alleges that Dr. Hill stated the damage was caused by Dr. Morton's use of the needle, and Dr. Hill had fixed Dr. Morton's mistake.  Dr. Hill said he would replace the lens if allowed by the prison and when the eye got better.

5

At most, plaintiff alleges that Dr. Hill failed to provide further, future treatment for plaintiff. Plaintiff has not sufficiently alleged that defendant Hill "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. The court finds that plaintiff fails to state a claim against defendant Hill for violation of plaintiff's rights under the Eighth Amendment.

### c. Golden State Eye Center and Limberg Eye Surgery Center

Plaintiff states that the Golden State Eye Center and the Limberg Eye Surgery Center, and their employees, acted pursuant to a contract with the CDC and the State of California to treat prisoners for eye-related ailments.

Plaintiff fails to allege any facts which would support a claim that the Golden State Eye Center and the Limberg Eye Surgery Center "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Therefore, the court finds that plaintiff fails to state a claim against defendants Golden State Eye Center and Limberg Eye Surgery Center for violation of his rights under the Eighth Amendment.

### d. Dr. Afinowicz

Plaintiff alleges that Dr. Afinowicz, a prison opthomologist, prescribed a medication for plaintiff which was weaker than what had been prescribed by plaintiff's other doctor, therefore failing to insure that plaintiff had adequate medication, resulting in pain and vomiting for plaintiff.

Plaintiff's allegations do not support a claim that defendant Afinowicz "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Furthermore, plaintiff's allegations do not support more than a difference of opinion about which medication would be adequate. A "difference of medical opinion ... [is] insufficient, as a matter of law, to establish deliberate indifference." Jackson, 90 F.3d at 332; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Therefore, the court finds that plaintiff fails to state a claim against defendant Afinowicz for violation of plaintiff's rights under the Eighth Amendment.

///

///

### e. Officer Roberts and a CDC Sergeant

Plaintiff alleges that Transportation Officer Roberts and an unnamed CDC Sergeant refused to allow plaintiff to return to his cell to retrieve his diabetes medication before being transported from CSATF to the medical facility, causing plaintiff to suffer pain and vomiting during the entire trip.

Plaintiff's allegations do not support a claim that Officer Roberts or the CDC Sergeant "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. The court finds that plaintiff fails to state a claim against defendant Officer Roberts and the CDC Sergeant for violation of his rights under the Eighth Amendment.

### f. John Doe I, A.K. Scribner, John Doe II, John Doe VI, and Chief Medical Officer

First, plaintiff alleges that John Doe I, a transportation sergeant; A. K. Scribner, Warden of CSP; John Doe II, Chief Medical Officer of CSP; John Doe VI, Warden of CSATF; and the Chief Medical Officer of CSATF failed to train the transportation officers properly, which resulted in a transportation officer refusing to allow plaintiff to return to his cell to retrieve his medication before being transported, causing plaintiff to suffer pain and vomiting during the entire trip.

In addition, plaintiff alleges that A. K. Scribner, John Doe II, John Doe VI, and the Chief Medical Officer of CSATF failed to adequately train medical staff to dispense pain medication, resulting in medical staff dispensing a pain medication which was not a sufficient dose to manage plaintiff's pain. Plaintiff argues that the Chief Medical Officer knew or should have known that the medication was inadequate to relieve plaintiff's pain.

Finally, plaintiff alleges that John Doe VI and the Chief Medical Officer of CSATF approved plaintiff's transfer to Golden State Eye Center and Limberg Eye Surgery and/or approved or allowed the agreement for Limberg and Golden State to treat CDC prisoners, pursuant to a policy without proper screening of Golden State Eye Center, Limberg Eye Surgery Center, and their employees for incompetence and malfeasance of the sort alleged in the complaint.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under § 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under § 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen, 885 F.2d at 646. Therefore, the court finds that plaintiff fails to state a claim against John Doe I, A.K. Scribner, John Doe II, John Doe VI, and the Chief Medical Officer of CSATF for violation of plaintiff's rights under § 1983.

### g. John Doe III and John Doe IV

Plaintiff alleges that John Doe III and John Doe IV, prison transportation officers, mistreated him during his transportation to the Limberg Eye Surgery Center on May 23, 2003. Plaintiff alleges that John Doe III and John Doe IV threw him into a tiny administration segregation cell for no reason.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v.

Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  Hudson v. McMillian, 503 U.S. 9 (1992).  Plaintiff has not alleged facts indicating that defendants caused him to suffer deprivations sufficiently grave to form the basis of an Eighth Amendment violation.  Therefore, the court finds that plaintiff fails to state a claim against defendants John Doe III and John Doe IV for violation of his rights under the Eighth Amendment.

### h. John Doe V and Transportation Officer

Plaintiff alleges that he attempted to obtain the names of the transportation officers from John Doe V, a prison counselor, and John Doe V falsely represented that the names of the transportation officers were not documented, attempting to prevent legal action against the officers, which violated plaintiff's access to the courts.

Plaintiff also alleges that one of the officers in charge of transportation on December 4, 2002, lied when he told plaintiff that Dr. Morton had performed plaintiff's eye surgery.  Plaintiff alleges that the transportation officer knew that Dr. Weiss had performed the surgery and lied to prevent plaintiff from taking legal action for his injuries.

In light of the fact that the alleged actions of John Doe V and the transportation officer did not prevent plaintiff from filing the present action against the prison transportation officers, plaintiff has failed to establish the requisite causal connection required to state a claim under § 1983.  Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).  The court

///

finds that plaintiff fails to state a claim against John Doe V and the transportation officer for violation of his rights under § 1983.

### i.  Prison Officials

Plaintiff alleges that prison officials have subjected him to repeated and forced transports to and from Golden State and Limberg Surgery Center, which included painful shackling, humiliating strip searches, and sexual comments by transportation officers.

Plaintiff has not alleged facts indicating that defendants caused him to suffer deprivations sufficiently grave to form the basis of an Eighth Amendment violation. Hudson, 503 U.S. at 9. Therefore, the court finds that plaintiff fails to state a claim against prison officials for violation of his rights under the Eighth Amendment.

### j.  California Department of Corrections

Plaintiff names the California Department of Corrections as a defendant. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor, 880 F.2d at 1045 (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the CDC is a state agency, it is entitled to Eleventh Amendment immunity from suit. Therefore, the court finds that plaintiff fails to state a claim against the CDC under the Eleventh Amendment.

### D.  Conclusion

Plaintiff's first amended complaint states cognizable claims for relief under § 1983 against defendants Morton and Weiss for failure to provide adequate medical care. However, plaintiff's first amended complaint fails to state cognizable claims for relief under § 1983 against

any other named defendant. Accordingly, the court finds that all of plaintiff's claims except those against Dr. Morton and Dr. Weiss should be dismissed for failure to state a claim under § 1983. The court also finds that plaintiff's claims for injury due to conditions of confinement should be dismissed for failure to state a claim under § 1983.

### E. Recommendations

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's first amended complaint filed on May 10, 2006, against defendants Dr. Ronald Morton and Dr. John Weiss, for inadequate medical care under the Eighth Amendment;

2. Plaintiff's claims against all other named defendants be dismissed with prejudice for failure to state a claim under 42 U.S.C. § 1983;

3. Defendants Golden State Eye Center, Limberg Eye Surgery Center, Dr. Afinowicz, Officer Roberts, a CDC Sergeant, John Doe I, A. K. Scribner, John Doe II, John Doe III, John Doe IV, John Doe V, John Doe VI, the Chief Medical Officer of CSATF, the Doe transportation officer, prison officials, and the CDC be dismissed based on plaintiff's failure to state a claim upon which relief may be granted against them under 42 U.S.C. § 1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  July 23, 2007              /s/ Dennis L. Beck
                                   UNITED STATES MAGISTRATE JUDGE